JOHN UNMACK, Appellee, v. C. A. FOSDICK, Appellant.

**APPEAL AND ERROR: Harmless Error—Excluding Testimony as to
1   Damages.** The exclusion of testimony bearing on the measure of damages is harmless when the record reveals the fact that complainant was not entitled to recover damages in any event.

**FRAUD: Matters of Opinion—Representation as to Nature of Plowing.**
2   Statements to the effect that land had been plowed "deep;" that the plowing was a "good job," constitute mere matter of opinion, when unaided by any explanatory testimony as to what said terms were intended to mean, as a matter of fact.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 20, 1924.

ACTION to recover on a note for $492. The answer admitted the execution of the note, and pleaded affirmative defenses that the note had been obtained by fraud, and that there was no consideration for the note. A counterclaim was also interposed, based on the same grounds as the defenses. At the close of defendant's evidence, a verdict was directed in favor of plaintiff. Defendant appeals.—*Affirmed.*

*Robertson & Havens,* for appellant.

*William P. Welch,* for appellee.

ARTHUR, C. J.—I. In the fall of 1919, plaintiff rented a farm owned by Chris Heffner, for the year beginning March 1, 1920. During the fall of 1919, plaintiff plowed about 130 acres of said land. Sometime early in the year 1920, plaintiff surrendered his lease, and defendant and his brother then rented the farm from Heffner. After the Fosdicks rented the farm, they entered into an agreement with plaintiff to pay $492 for the fall plowing, and executed to plaintiff their note for that amount. On November 14, 1920, the Fosdicks paid the accrued interest on the note, and it was canceled and surrendered, and the note in suit was executed for the same amount in renewal thereof.

The answer alleged that execution of the first note was induced by false representations concerning the fall plowing, and was void; and that, by reason of the fact that the second note, the note sued on, was given only in payment of the first note, it was also void, for fraud and want of consideration. The fraud charged was that plaintiff stated to defendant that the 130 acres of fall plowing which had been done on the premises was a "good job of plowing; that the ground had been so plowed that the stubble was all turned under ground; that the

ground had been plowed deep;'' that defendant believed and relied upon said statements; that said statements were false, and were known by plaintiff, at the time they were made, to be false, and were made with the specific intent to defraud defendant and induce him to sign said note.

The answer further alleged that said plowing ''was poorly done;'' that, before the land could be planted to crops, it was necessary to ''do a great deal of extra work, in order to prepare said ground for cultivation;'' that the ground had been plowed so as to leave at least half of the stubble uncovered; that it had been plowed ''very shallow,'' and was not a good job of plowing; that the plowing was in fact worthless, and of no value; and that, by reason thereof, the note was void for want of consideration; and that, by reason of the fact that said note was obtained by false representations and without consideration, the note was void.

II.   Several errors are assigned and relied upon for reversal.   The questions briefed and argued by counsel for appellant relate to rulings on the exclusion of testimony offered, and claimed errors in sustaining motions of appellee to withdraw from the jury the issues of fraud inducing the execution of the note, failure of consideration, motion to direct verdict, and overruling motion for a new trial.

III.   Assignments of error predicated on rulings by the court excluding certain testimony offered by appellant are without merit.   Appellant complains because he was not permitted, in the first instance, to answer the following question: ''You may describe the condition of the plowing, as to whether or not it was deep.''   The ruling was without prejudice.   Afterwards the same question was propounded to the witness by his counsel, and he was permitted to answer, and did answer as follows:

''This ground had been plowed about three and a half and four inches deep, and not all of the stubble had been turned under in the plowing.''

Appellant also complains because objection was sustained to the following question:

''State what the fact may be as to whether or not you were

required to do a lot of extra work the next spring, to get the land ready to plow."

1. APPEAL AND ERROR: harmless error: excluding testimony as to damages.

We think the ruling was correct. Obviously, the answer sought would bear on the measure of damages, and was immaterial, under the holding of the trial court, which holding we think was correct.

IV. The rulings of the trial court in sustaining the motions made by appellee to withdraw from the jury the issues and defenses of fraud and failure of consideration, and to direct verdict in favor of appellee, were, in effect, holding that the evidence offered by appellant failed to support said defenses. The testimony of appellant, C. A. Fosdick, was the only evidence offered on the trial. Fosdick testified concerning representations made to him by appellee about the plowing, in substance as follows:

2. FRAUD: matters of opinion: representation as to nature of plowing.

That, prior to the execution of the note in suit, Unmack said that the plowing was a "good job of plowing, and the stubble was plowed under, and it was plowed deep;" that, at the time, there was snow on the ground, and they could not see the plowing; that he went upon the ground, but could not see the plowing, on account of the snow that covered it; that the snow was probably three inches deep, and fairly well settled; that they made no examination at that time, as to the depth of the plowing; that he was unable to rely upon inspection; that he relied on the word of Unmack; that he did not doubt Unmack's word; that, "in the spring, when the snow melted away, we found out the real condition of the plowing, and at the time I signed the second note [the note in suit], at the Magnolia bank, I knew the actual condition of the plowing;" that the ground had been plowed about three and one-half inches deep, and not all of the stubble had been turned under in plowing; that the stubble had been turned under to the extent of about one half, where it had not been burned off; that there was a strip that was burned off through the middle, probably 12 or 15 acres; that he believed the statements made by Unmack as to the kind of plowing that had been done, and relied on said statements; that

he would not have signed the original note if he had not believed and relied upon these representations.

V. The evidence falls short of sustaining the necessary elements of a defense based on fraudulent representations. It is alleged, and the testimony is, that appellee represented that the plowing was "a good job of plowing;" that the stubble was all turned under; and that the ground had been plowed "deep." The statements "a good job of plowing" and "deep," are mere expressions of opinion. The record furnishes no standards or criteria showing the depth or manner that ground should be plowed, from which to determine whether or not the plowing was a "good job of plowing;" nor the depth ground must be plowed in order that the plowing may properly be designated as "deep." The evidence shows that the stubble was left partly exposed, but the record does not disclose whether or not such plowing would be considered "good," under such condition. The record does show that the plowing was three and one-half and four inches deep. As to whether plowing three and one-half or four inches deep should be considered as "deep" plowing, the record is silent. The representations made are shown, but the falsity of such representations is not shown. Even if the statements made were shown to be false, scienter is not shown. The evidence offered by appellant, giving to it the utmost force and effect, fails to make out actionable fraud. The trial court did not err in directing verdict in favor of plaintiff.

Results in affirmance of the judgment of the trial court.— *Affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.